## SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Plaintiff Manley Cates (hereinafter referred to as "Plaintiff") and Defendant 360 Imaging, Inc., (hereinafter referred to as "Defendant," a term which includes any parent or subsidiary corporation, and its past and present employees, directors, representatives, shareholders, members, or other interest holders).

### RECITALS

I.     Plaintiff Manley Cates originally a  lawsuit in the United States District Court for the Northern District of Georgia, titled Cates v. 360 Imaging, Inc., CASE NO. 1:13-cv-3393-WSD (the "Action").

II.     In the Action, Plaintiff alleged violations of applicable wage laws, and sought overtime compensation, liquidated damages, and reasonable attorneys' fees. In the Action, Defendant asserts numerous counterclaims against Plaintiff, specifically claims of (1) Breach of Contract for Employment; (2) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Company Information; (3) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Non-Solicitation Clause; (4) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Non-Compete Clause; (5) Unjust Enrichment (Employee Confidentiality, Non-Solicitation and Invention Assignment); (6) Breach of Contract (Computer Policy); (7) Unjust Enrichment (Computer Policy); (8) Computer Related Offenses – O.C.G.A. §§ 16-9-90 Et Seq.; (9) Tortious Interference with Contractual Relations; (10) Misappropriation of Trade Secrets – O.C.G.A. §§

10-1-767 Et Seq.; (11) Special Damages; (12) Injunction; and (13) Attorney's Fees under O.C.G.A. § 13-6-11. Id.

III.    The parties have engaged in negotiations concerning the settlement of the claims asserted in the Action. Through the negotiations, Plaintiff reached a settlement with Defendant. The settlement memorialized herein reflects that settlement. At all times, the parties' settlement discussions were non-collusive and at arms' length.

IV.    Plaintiff has concluded, based upon investigation and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in Plaintiff's best interests. Plaintiff has agreed to settle this Action with Defendant on the terms set forth herein. Plaintiff further denies each of the claims asserted against him in the Action and makes no admission whatsoever of liability. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Plaintiff or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Plaintiff in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

V.    Defendant denies each of the claims asserted against it in the Action and makes no admission whatsoever of liability. Defendant nevertheless desires to settle the Action and the

2

claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action. Accordingly, the parties agree, covenant and represent that this Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrong doing of any kind whatsoever by Defendant. The parties intend that, except as necessary to carry out the terms of this settlement, this Agreement shall be, without written consent from Defendant, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and corresponding or similar state law rules of evidence. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

## AGREEMENT

### I.    RECITALS

The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

### II.    SETTLEMENT CONSIDERATION

In consideration of the promises, covenants, and releases hereinafter set forth, the parties agree as follows:

A.    Defendant releases and forever discharges Plaintiff from all Settled Claims, as set forth in Sec. III (E).

3

B.     In exchange for Defendant's release of Plaintiff for all Settled Claims, Plaintiff released and forever discharges Defendant for the claims asserted by Plaintiff in the Action, and as set forth below in Sec. III (C).

### III.    RELEASE OF CLAIMS AND COVENANT NOT TO SUE

A.     For and in consideration of the promises and other consideration described in this Agreement, and as a material inducement for Plaintiff to enter into this Agreement, Plaintiff acknowledges full satisfaction of, and fully, finally, and forever settle with, release, and discharge the Released Parties of and from all Settled Claims.

B.     For purposes of this Settlement Agreement, "Released Parties" means and includes Defendant, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.

C.     For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether know or unknown, alleged or not alleged in the Action arising out of or connected in any way with any violations of the FLSA.

D.     Defendant acknowledges full satisfaction of, and fully, finally, and forever settles with, release, and discharge Plaintiff of and from all Settled Claims, as set forth in Sec. V(E), below.

E.     For purposes of Defendant's release of claims, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether know or unknown, alleged or not alleged in the Action, suspected or unsuspected,

4

contingent or vested, which Defendant had or now has which were or could have been raised in the Action, or in a separate action based in whole or in part upon, arising out of, or related in any way to the facts, circumstances, transactions, occurrences, events, acts, omissions, or failures to act that are related to Plaintiff's employment with Defendant or past actions or omissions of Plaintiff since leaving Defendant's employment, including any conduct or omission related to any agreement between Defendant and Plaintiff that may or did exist during or after Plaintiff's employment with Defendant. This includes but is not limited to matters arising out of or connected in any way with (1) Breach of Contract for Employment; (2) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Company Information; (3) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Non-Solicitation Clause; (4) Breach of Contract (Employee Confidentiality, Non-Solicitation and Invention Assignment) – Non-Compete Clause; (5) Unjust Enrichment (Employee Confidentiality, Non-Solicitation and Invention Assignment); (6) Breach of Contract (Computer Policy); (7) Unjust Enrichment (Computer Policy); (8) Computer Related Offenses – O.C.G.A. §§ 16-9-90 Et Seq.; (9) Tortious Interference with Contractual Relations; (10) Misappropriation of Trade Secrets – O.C.G.A. §§ 10-1-767 Et Seq.; (11) Special Damages; (12) Injunction; and (13) Attorney's Fees under O.C.G.A. § 13-6-11. *Id.* Defendant further covenants and agrees not to sue, or otherwise pursue or participate in litigation, alternative dispute resolution or any other means whatsoever, with respect to any of the Settled Claims.

F. The release provisions set forth above, in (Sec. (V)(A)-(E)), may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit, claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Release.

## IV.   MISCELLANEOUS PROVISIONS

A.     All the parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel.

B.     This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the parties and as approved by the Court.

C.     The parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals and do all things necessary to consummate the settlement provided herein.

D.     This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Agreement.

E.     Other than necessary disclosures made in camera to the Court, documents filed with the Court, and/or statements made to the Court, the fact of settlement and all related information shall be held strictly confidential by Plaintiff and Defendant.

F.     This Agreement is a contract between the parties and not merely a recital.  Should either of the parties breach any term of this Agreement, the party in breach will be liable to the other party for reasonable attorneys' fees and costs incurred in attempting to enforce the terms of the Agreement.

G.     This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Georgia, both in its procedural and

substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Northern District of Georgia. This Agreement is deemed to have been drafted jointly by the parties.

    H.    In the event that legal action arises out of this Agreement or is necessary to enforce any of the terms or provisions of this Agreement, the prevailing party in the action shall be entitled to recover its reasonable attorneys' fees and costs.

    I.    Each individual signing this Agreement warrants that he or she is expressly authorized to enter into this Agreement on behalf of the party for which that individual signs.

Date: 3/17/2014            Signature: _____
                                      Manley Cates

Date: 2/7/2014             Signature: _____
                                      360 Imaging, Inc.

7